# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## JANUARY SESSION, 1999

| | | |
|---|---|---|
| **GARRY E. COLLINS,** | ) | **C.C.A. NO. 01C01-9806-CR-00240** |
| | ) | |
| Appellant, | ) | |
| | ) | **WILSON COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. BOBBY CAPERS, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**B. KEITH WILLIAMS**                    **JOHN KNOX WALKUP**
Attorney at Law                    Attorney General & Reporter

**BRODY N. KANE**                    **TIMOTHY BEHAN**
Attorney at Law                    Assistant Attorney General
Taylor, Taylor, Lannom & Williams         2nd Floor, Cordell Hull Building
102 East Main Street                 425 Fifth Avenue North
Lebanon, TN  37087                  Nashville, TN  37243

                          **TOM P. THOMPSON, JR.**
                          District Attorney General

                          **DAVID DURHAM**
                          Assistant District Attorney General
                          119 South College Street
                          Lebanon, TN  37087-3609

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

THOMAS T. WOODALL, JUDGE

# __ORDER__

In this case, the Petitioner/Appellant, Garry E. Collins, appeals the order of the Wilson County Criminal Court dismissing his petition for post-conviction relief. Petitioner argues that his trial counsel was ineffective.

After a full hearing, the trial court found in its order denying the petition for post-conviction relief, that the testimony of two attorneys who represented Petitioner at the trial court proceedings, "clearly and convincingly" rebutted the testimony of the Petitioner and his mother on each allegation raised by Petitioner in his pleadings and orally from the witness stand. The trial court specifically found that the clear and convincing weight of the evidence was contrary to the allegations made by Petitioner, and that his claims of ineffective assistance of counsel were without merit.

In this proceeding, the action of the trial judge was not a determination of guilt, and the evidence in the record does not preponderate against the findings of the trial judge. Furthermore, no error of law requiring a reversal of the judgment is apparent on the record. Accordingly, it is hereby ordered that the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, Judge

CONCUR:

-2-

_____
DAVID H. WELLES, Judge


_____
JERRY L. SMITH, Judge